MOORE, Chief Justice
(concurring specially).
In 1997, Desi Renard King pleaded guilty to possession of cocaine, § 13A-12-212, Ala.Code 1975, and was sentenced as a habitual offender to 20 years’ imprisonment. His conviction was affirmed, without an opinion. King v. State, 744 So.2d 955 (Ala.Crim.App.1998) (table), cert. denied, 745 So.2d 318 (Ala.1998) (table). In this, his second, Rule 32, Ala. R.Crim. P., petition for postconvietion relief, he argues that the trial court in his underlying case lacked jurisdiction to convict him because the record does not disclose the existence of an “arrest or incident report.” The Pickens Circuit Court denied King’s Rule 32 petition, and he appealed to the Court of Criminal Appeals, which affirmed the denial without an opinion. King v. State (No. CR-13-0742, July 11, 2014), — So.3d - (Ala.Crim.App.2014) (table). He then filed this petition for certiorari review.
“[I]n all criminal prosecutions, the accused has a right ... to demand the nature and cause of the accusation; and to have a copy thereof....” Art. I, § 6, Ala. Const.1901. King does not allege that he was tried without an indictment; instead, *1038 he argues that his arrest report cannot be found. His guilty plea indicates that he knew “the nature and cause of the accusation” against him, and he does not contend otherwise.
King’s reliance on Ex parte Dietz, 474 So.2d 127 (Ala.1985), is misplaced. Dietz had been charged with escape. An element of the crime of escape is that the defendant had been in “lawful custody.” 474 So.2d at 128. In order for a probationer to be arrested without a warrant, a probation officer must supply a written statement to the arresting officer to the effect that in the judgment of the probation officer the conditions of probation have been violated. § 15-22-54(d), Ala. Code 1975. Because that statement was lacking in Dietz’s case, the Court held that he was not lawfully taken into custody. King seeks to transform Dietz into a general requirement that a showing of “lawful custody” is a constitutional prerequisite in all prosecutions. Although evidence of lawful custody is a statutory element of a conviction for escape, the crime of possession of cocaine to which King pleaded guilty has no such element.
I therefore concur in denying King’s petition for a writ of certiorari.